IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:05cv291 |
| D-LINK CORPORATION AND D-LINK SYSTEMS, INCORPORATED | § § § § | |
| Defendants. | § | Jury Trial Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Network-1 Security Solutions, Inc. ("Network-1"), files this Complaint against D-Link Corporation and D-Link Systems, Incorporated ("Defendants") and, in support thereof, states and alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action for infringement of U.S. Patent No. 6,218,930 ("the '930 patent") under the laws of the United States, 35 U.S.C. § 1 *et seq.*

2. This Court has original subject matter jurisdiction under 28 U.S.C. §§1331 (federal question) and 1338(a) (patent-exclusive jurisdiction).

3. This Court has personal jurisdiction over Defendants based upon Defendants' systematic and continuous contacts with the Eastern District of Texas. Moreover, the Court has general and specific jurisdiction over Defendants because Defendants have infringed the '930 patent in the Eastern District of Texas by using, selling and/or offering to sell infringing

products in the Eastern District of Texas. Particularly, Defendants (1) sell and/or offer to sell infringing products in retail stores located in this jurisdiction (including stores in or near Tyler, Texas); (2) market and/or sell infringing products over the internet both directly through the Defendants' website as well as through links on Defendants' website to their authorized retail internet distributors; (3) market and/or sell infringing products through nationwide marketing efforts directed to citizens and inhabitants of the Eastern District of Texas; and (4) ship infringing products to, and/or distribute infringing products from, a warehouse located in Denton County, Texas, a county within the Eastern District of Texas. By knowingly inducing others to infringe Network-1's patents in the Eastern District of Texas based upon the foregoing activities, Defendants are subject to specific jurisdiction in the Eastern District of Texas.

4. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as Defendants are subject to personal jurisdiction in this district. Further, Defendants have committed acts of infringement in this district, including inducing infringement in this district. Venue is also proper in this district as to D-Link Corporation because D-Link Corporation is an alien that may be sued in any district under 28 U.S.C. §1391(d).

## THE PARTIES

5. Plaintiff, Network-1 Security Solutions, Inc., is a Delaware corporation, having a place of business located at 445 Park Avenue, Suite 1028, New York, New York 10022.

6. Upon information and belief, Defendant, D-Link Systems, Incorporated is a California corporation with its principal place of business at 17595 Mt. Hermann Street, Fountain Valley, California 92708. Through at least its sales and product distribution, Defendant D-Link Systems, Incorporated is doing business or transacting business in the Eastern District of Texas.

7. Upon information and belief, Defendant, D-Link Corporation is a Taiwanese company with its headquarters located at 2F, No. 233-2 Pao-Chiao Road, Hsin-Tien, Taipei, Taiwan. Through at least its sales and product distribution, Defendant D-Link Corporation is doing business or transacting business in the Eastern District of Texas.

## FACTUAL BACKGROUND

### A. The Patent-in-suit

8. On April 17, 2001, U.S. Patent No. 6,218,930 and entitled "Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network " was duly and legally issued. A copy of the '930 patent is attached hereto as Exhibit A.

9. Network-1 is the owner of all right, title and interest in and to the '930 patent.

### B. Defendants' Infringing Activities

10. Defendants manufacture and sell a variety of products which support, and are supported by, Power over the Ethernet, i.e., products which distribute or utilize power over the Ethernet cables. According to Defendants' website, by transmitting remote power through standard network cabling, their products can provide and receive power from a reliable, centralized source. Examples of devices which utilize Power over the Ethernet are IP phones, cameras and wireless access points. A result of using Power over the Ethernet is elimination of the need for separate power cabling to network devices located where wall outlets are inaccessible or expensive to deploy.

11. Defendants have infringed, and continue to infringe, the '930 Patent, by, *inter alia*, making, using, offering for sale, selling, distributing, marketing, and advertising these products in the Eastern District of Texas, State of Texas and elsewhere in the United States.

12. Defendants have infringed, and continue to infringe, directly or indirectly, the '930 Patent, by, *inter alia*, themselves practicing, or by inducing others or contributing to others practicing, the claims recited in the '930 Patent.

13. As a direct and proximate result of Defendants' acts of infringement of the '930 Patent, Network-1 has suffered injury and damages for which it is entitled to relief, including, but not limited to, monetary damages of no less than a reasonable royalty to compensate for Defendants' infringement.

14. Upon information and belief, Defendants have knowingly, willfully, and deliberately infringed the '930 Patent in conscious disregard of Network-1's rights, making this case exceptional within the meaning of 35 U.S.C. §285 and justifying treble damages pursuant to 35 U.S.C. §284.

15. Upon information and belief, Defendants will continue to infringe the '930 Patent, causing immediate and irreparable harm unless this Court enjoins and restrains their activities.

16. Upon information and belief, the infringement by Defendants has deprived, and will further deprive, Network-1 of royalties and other related revenue which Network-1 would have made or would enjoy in the future; has injured Network-1 in other respects; and will cause Network-1 added injury and damage, including loss of royalties and other related revenue in the future unless Defendants are enjoined from infringing Network-1's '930 Patent.

## **JURY DEMAND**

17. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Network-1 demands that the issues in this case be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Network-1 respectfully requests this Court to:

1. Enter judgment for Network-1 that the '930 Patent was duly and legally issued, is valid and enforceable, and has been infringed by Defendants;

2. Enter judgment for Network-1 that Defendants have willfully infringed, and are willfully infringing, one or more claims of the '930 Patent;

3. Issue a permanent injunction restraining the Defendants, their directors, officers, agents, employees, successors, subsidiaries, assigns, and affiliates, and all persons acting in privity or in concert or participation with any of them from the continued infringement, direct or contributory, or active inducement of infringement by others, of the '930 Patent;

4. Direct Defendants to file with this Court, and to serve on Network-1, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. Order Defendants to account (in written form) for and to pay to Network-1 actual damages suffered by reason of Defendants' infringement of the '930 Patent, including but not limited to, monetary damages of no less than a reasonable royalty; and further order that such damages be trebled due to Defendants' deliberate, willful, and knowing conduct;

6. Order Defendants to pay Network-1 its costs, expenses, and fees, including reasonable attorneys' fees pursuant to 35 U.S.C. §285, and pre-judgment and post-judgment interest at the maximum rate allowed by law; and

7. Grant Network-1 such other and further and relief as the Court may deem just and proper.

Dated: August 10, 2005

Respectfully submitted,

*[signature]*

Douglas R. McSwane
   Texas Bar No. 13861300
   dougmcswane@potterminton.com
*Attorney-in-Charge*
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

**ATTORNEYS FOR PLAINTIFF
NETWORK-1 SECURITY SOLUTIONS, INC.**

OF-COUNSEL FOR PLAINTIFF
NETWORK-1 SECURITY SOLUTIONS, INC.:

H. Keeto Sabharwal
   N.Y. Bar No. 2910453
   Sabharwal@blankrome.com
Charles R. Wolfe, Jr.
   D.C. Bar No. 374911
   Wolfe@blankrome.com
Christopher D. Ohly
   D.C. Bar No. 486370
   Ohly@blankrome.com
Peter Weissman
   D.C. Bar No. 455203
   Weissman@blankrome.com
Evan R. Smith
   Va. Bar No. 31425
   Smith-E@blankrome.com
Joel R. Wolfson
   D.C. Bar No. 342469
   Wolfson@blankrome.com
BLANK ROME LLP
600 New Hampshire Ave., N.W.
Washington, DC 20037
Phone: (202) 772-5932
Fax: (202) 772-5858

Brad E. Seidel
   Texas Bar No. 24008008
   bradseidel@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846